1  ALLEN RUBY (SBN 47109)
   RAOUL D. KENNEDY (SBN 40892)
2  JAMES P. SCHAEFER (SBN 250417)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
3  525 University Avenue, Suite 1400
   Palo Alto, CA 94301
4  Telephone: (650) 470-4500
   Facsimile: (650) 470-4570
5  allen.ruby@skadden.com
   raoul.kennedy@skadden.com
6  james.schaefer@skadden.com

7  Attorneys for Plaintiff
   INTUITIVE SURGICAL, INC.
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11 | INTUITIVE SURGICAL, INC.,
12 |                Plaintiff,                    CASE NO.: 5:15-cv-4834
13 |        v.
14 | ILLINOIS UNION INSURANCE                    INTUITIVE SURGICAL, INC.'S
   | COMPANY, an Illinois corporation;           COMPLAINT FOR BREACH OF
15 | NAVIGATORS SPECIALTY INSURANCE              CONTRACT AND BAD FAITH
   | CO., a New York corporation
16 |                                             DEMAND FOR JURY TRIAL
   |                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

**INTUITIVE SURGICAL, INC.'S COMPLAINT**
**FOR BREACH OF CONTRACT AND BAD FAITH**                          **CASE NO. 5:15-cv-4834**

## INTRODUCTION

1. Intuitive Surgical, Inc. ("Intuitive") brings this action for breach of contract and bad faith against Illinois Union Insurance Company ("Illinois Union") and Navigators Specialty Insurance Company ("Navigators," and together with Illinois Union, the "Defendants") based on their failure to indemnify Intuitive for insured losses incurred in the defense and settlement of certain products liability claims brought against Intuitive in connection with its *da Vinci*® Surgical System product.

2. This action is brought in connection with two Illinois Union insurance policies bearing policy number SPL G24369298 001 (the "Illinois Union Policies"), which provide Intuitive with, *inter alia*, $15,000,000 in products liability insurance coverage subject to a $5,000,000 each occurrence and $5,000,000 aggregate self-insured retention for claims made during the March 1, 2013 to March 1, 2014 policy period (the "Policy Period") and any applicable Extended Reporting Period.

3. This action is also brought in connection with Navigators Policy Number 0C13LEX0A4DUANC (the "Navigators Policy"), which provides Intuitive with, *inter alia*, $10,000,000 in excess products liability insurance coverage for claims made during the Policy Period and any applicable Extended Reporting Period.

4. Illinois Union and Navigators dispute that they are obligated to indemnify Intuitive for claims made against Intuitive.

## THE PARTIES

5. Intuitive is a Delaware corporation with its principal place of business in Sunnyvale, California.

6. Illinois Union is an Illinois corporation with its principal place of business in Philadelphia, Pennsylvania.

7. Navigators is a New York corporation with its principal place of business in New York, New York.

**JURISDICTION AND VENUE**

8.  This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because Intuitive and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.  Venue is proper in this Court because Intuitive is a resident of this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

**BACKGROUND**

10.  On February 6, 2013, Illinois Union provided an insurance quote to Intuitive's insurance broker, Woodruff-Sawyer & Company ("Woodruff-Sawyer").

11.  On February 27, 2013, Illinois Union sent Intuitive an insurance binder bearing policy number G24369298 001 ("February 27, 2013 Illinois Union Binder").  A true and correct copy of the February 27, 2013 Illinois Union Binder is attached hereto as **Exhibit A**, which is incorporated herein by reference.

12.  On February 28, 2013, Navigators sent Intuitive an insurance binder ("Navigators Binder").  A true and correct copy of the Navigators Binder is attached hereto as **Exhibit B**, which is incorporated herein by reference.

13.  On March 14, 2013, Illinois Union issued an "original" insurance policy to Intuitive bearing policy number SPL G24369298 001 ("March 14, 2013 Illinois Union Policy").  A true and correct copy of the March 14, 2013 Illinois Union Policy is attached hereto as **Exhibit C**, which is incorporated herein by reference.

14.  On March 16, 2013, Intuitive's insurance broker, Woodruff-Sawyer & Co. notified Illinois Union of numerous discrepancies between the March 14, 2013 Illinois Union Policy and both the February 27, 2013 Illinois Union Binder and the coverage terms negotiated by Illinois Union and Woodruff-Sawyer.

15.  On or about March 20, 2013, Navigators issued the Navigators Policy to Intuitive. A true and correct copy of the Navigators Policy is attached hereto as **Exhibit D**, which is incorporated herein by reference.

INTUITIVE SURGICAL, INC.'S COMPLAINT
FOR BREACH OF CONTRACT AND BAD FAITH                                                      CASE NO. 5:15-cv-4834

16. On April 15, 2013, Intuitive wired the funds necessary to pay the Illinois Union premium to Woodruff-Sawyer. Woodruff-Sawyer subsequently paid the premium on the Illinois Union Policy.

17. On April 29, 2013, Illinois Union sent Intuitive a "revised binder" bearing policy number G24369298 001 ("April 29, 2013 Illinois Union Binder"). A true and correct copy of the April 29, 2013 Illinois Union Binder is attached hereto as **Exhibit E**, which is incorporated herein by reference.

18. On April 29, 2013, Illinois Union issued Intuitive a second "original" policy bearing policy number SPL G24369298 001 ("April 29, 2013 Illinois Union Policy"). A true and correct copy of the April 29, 2013 Illinois Union Policy is attached hereto as **Exhibit F**, which is incorporated herein by reference. The scope of the coverage provided by the April 29, 2013 Illinois Union Policy is broader than the scope of the coverage provided by the March 14, 2013 Illinois Union Policy.

19. On October 21, 2013, Illinois Union filed a Complaint for Rescission of Insurance Policy and Declaratory Relief in the Northern District of California. *See Illinois Union Ins. Co. v. Intuitive Surgical, Inc.*, Case No. 3:13-cv-04863-JST. Intuitive answered Illinois Union's complaint on December 16, 2013.

20. On December 16, 2013, Navigators filed a Complaint for Rescission of Insurance Policy and Declaratory Relief in the Northern District of California. *See Navigators Specialty Ins. Co. v. Intuitive Surgical, Inc.*, Case No. 3:13-cv-05801-JST. Intuitive answered Navigators' complaint on February 5, 2014.

21. After Intuitive answered Illinois Union's and Navigators' complaints, Intuitive's losses surpassed the $5,000,000 aggregate self-insured retention in the Illinois Union Policies.

### INTRADISTRICT ASSIGNMENT AND RELATED CASE

22. Pursuant to Local Rule 3-2(c) and (e), this action arises in the San Jose Division of this Court because a substantial part of the events giving rise to the claims occurred in Santa Clara County, California.

3

INTUITIVE SURGICAL, INC.'S COMPLAINT
FOR BREACH OF CONTRACT AND BAD FAITH                                              CASE NO. 5:15-cv-4834

23. This case is related to *Illinois Union Ins. Co. v. Intuitive Surgical, Inc.*, Case No. 3:13-cv-04863-JST and *Navigators Specialty Ins. Co. v. Intuitive Surgical, Inc.*, Case No. 3:13-cv-05801-JST (collectively, "Related Cases"), which have been consolidated.

24. This case is related to the Related Cases because it alleges after-acquired breach of contract and bad faith claims based on the insurance policies that Illinois Union and Navigators are seeking to rescind in the Related Cases. In the Related Cases, Illinois Union and Navigators allege that Intuitive failed to disclose in its applications for insurance that it had entered tolling agreements with claimants and that they would not have issued insurance—or insurance on the same terms—had they known of the tolling agreements.

25. Discovery in the Related Cases is ongoing but has confirmed that Illinois Union knew of the tolling agreements before it issued the April 29, 2013 Illinois Union Policy and before it accepted Intuitive's premium payment.

**FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

26. Intuitive incorporates herein by reference all of the allegations in the preceding paragraphs of this Complaint.

27. Intuitive has incurred Damages and Defense Costs (as defined by the Illinois Union Policies and Navigators Policy, and hereinafter "losses") in connection with products liability claims that are covered by the Illinois Union Policies and the Navigators Policy. These losses exceed both the self-insured retention in the Illinois Union Policies and the limits of the Illinois Union Policies.

28. Intuitive seeks insurance coverage from Illinois Union and Navigators under their respective policies in connection with the losses in excess of the self-insured retention.

29. Following its receipt of products liability claims during the Policy Period and Extended Reporting Period, Intuitive notified Illinois Union and Navigators of the claims as required by the Illinois Union Policies and the Navigators Policy.

30. Intuitive has cooperated with Illinois Union and Navigators with respect to all

4

aspects of the products liability claims submitted under the Illinois Union Policies and the Navigators Policy.

31. Illinois Union and Navigators have denied that they are obligated to indemnify Intuitive and have sought to rescind their respective policies.

32. Intuitive's total losses in connection with the claims noticed under the Illinois Union Policies and the Navigators Policy exceed the self-insured retention and the limits of the Illinois Union Policies.

33. Illinois Union and Navigators have breached their contractual obligations by failing to indemnify and defend Intuitive as required by the terms of Illinois Union Policies and the Navigators Policy.

34. Wherefore, Intuitive seeks relief as hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
**(BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, "BAD FAITH")**

35. Intuitive incorporates herein by reference all of the allegations in the preceding paragraphs of this Complaint.

36. The Illinois Union Policies and the Navigators Policy contain an implied covenant of good faith and fair dealing (the "Implied Covenant"), which forbids either party from doing anything to defeat the reasonable expectations of the other.

37. Illinois Union and Navigators have violated the Implied Covenant by wrongfully and unreasonably delaying and denying coverage.

38. Defendants' course of conduct was malicious, oppressive, and despicable.

39. Wherefore, Intuitive seeks relief as hereinafter set forth.

**PRAYER FOR RELIEF**

Wherefore, Intuitive prays for judgment as follows:

1. Actual damages according to proof;
2. Punitive damages;

5

INTUITIVE SURGICAL, INC.'S COMPLAINT
FOR BREACH OF CONTRACT AND BAD FAITH                                                  CASE NO. 5:15-cv-4834

3. Fees and costs in this action; and

5. For such other relief as the Court deems just and proper.

DATED: October 20, 2015

                                     SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:      /s/ James P. Schaefer
               Attorneys for Plaintiff
            INTUITIVE SURGICAL, INC.